Dear Representative Harpool:
This letter is in response to your questions asking:
 1, May a school board and superintendent make a valid contract for two years specifying the first year's salary, but not specifying the second year's salary?
 2. If such a contract is valid, may the school board and the superintendent, after the expiration of the first year, make a valid second contract which again specifies the first year's salary, but does not specify the second year's salary?
Your opinion request concerns two contracts between a school district located in a third class county and its superintendent.
The first contract, dated January 10, 1983, was for the period beginning July 1, 1983, and ending June 30, 1985. There is no express provision allowing for an early termination of the agreement. This contract states in part:
 (A) The annual salary for the first year beginning July 1, 1983 shall be $38,468.00 and shall be paid monthly in twelve equal installments in accordance with Board policy.
 (B) The annual salary for the second year beginning July 1, 1984 shall be $ _______ and shall be paid monthly in twelve equal installments, indexed to the teachers [sic] salary schedule and approved Annually [sic] by the Board of Education.
The second contract, dated January 9, 1984, was for a period beginning July 1, 1984, and ending June 30, 1986. There is no express provision allowing for an early termination of the agreement. This contract states in part:
 (A) The annual salary for the first year beginning July 1, 1984 shall be $41,574.00 and shall be paid monthly in twelve equal installments in accordance with Board policy.
 (B) The annual salary for the second year beginning July 1, 1985 shall be $ _______ and shall be paid monthly in twelve equal installments, indexed to the teachers [sic] salary schedule and approved Annually [sic] by the Board of Education.
No part of these contracts specifies an indexing formula that allows one to calculate the second year's salary.
 I. Unspecified Second Year Salary
Section 168.201, RSMo 1978, states:
 The Board of education in all districts except metropolitan districts may employ and contract with a superintendent for a term not to exceed three years from the time of making the contract and may employ such other servants and agents as it deems necessary, and prescribe their powers, duties, compensation and term of office or employment which shall not exceed three years. It shall provide and keep a corporate seal.
Section 432.070, RSMo 1978, states:
 No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.
In Missouri Attorney General Opinion No. 25, Keyes, 1978, copy enclosed, a school district agreed to pay its superintendent "an amount to be determined by the Board to be paid in the second and third years, but not less than $36,500, . . .". Id., at 1. Relying in part on Bride v. City ofSlater, 263 S.W.2d 22 (Mo. 1953), this office found that the second- and third-year provisions in the contract in question were void, because they did not comply with Section 432.070, RSMo 1969, as an essential term of the contract for the second and third years was unspecified and was left indefinite.
Following our 1978 opinion, we conclude that, although the contracts in question purport to have two-year terms, in actuality these contracts are only one-year contracts; the provisions for a second year are void because an essential term of the contract for the second year is missing. Any attempt to enforce the "second year" provisions of these contracts would run afoul of Section 432.070, RSMo 1978.
 II. The Second Contract
As previously stated, in the second year of the first contract, the parties agreed to a new two-year contract. This would be peculiar but for our conclusion above. As the contracts in question were actually one-year contracts, although they purported to be two-year contracts, there is no overlapping of contracts here.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure